## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2018, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jack W. Lombard, III, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | May 23, 2018 <br><br> Court of Appeals Case No. 02A03-1711-CR-2755 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause Nos. 02D06-1608-F5-254 02D04-1701-F6-48 |

**Najam, Judge.**

# Statement of the Case

Jack W. Lombard, III appeals his sentence following his guilty plea to intimidation, as a Level 6 felony, in Cause No. 02D06-1608-F5-254 ("F5-254"), and his sentence following his guilty plea to unlawful possession of a syringe, as a Level 6 felony, and possession of paraphernalia, as a Class C misdemeanor, in Cause No. 02D04-1701-F6-48 ("F6-48"). He raises one issue for our review, namely, whether his sentences are inappropriate in light of the nature of the offenses and his character.

We affirm.

# Facts and Procedural History

On August 25, 2016, Lombard entered a gas station and stated to the clerk: "Give me your money. I want your f***in money." Appellant's App. Vol. II in F5-254 at 29.[1] When the store clerk refused, Lombard said: "I will beat you; give me a pack of Newport 100's." *Id.* The store clerk was in fear, so he gave Lombard a pack of cigarettes valued at $5.09. Lombard then left the gas station. Officers with the Fort Wayne Police Department located Lombard a short time later, and the store clerk identified him as the person who took the cigarettes. Officers arrested Lombard, and he was released on bond.

---

[1] Lombard submitted a four-volume appendix relevant to each cause number below, and he references each appendix by different appellate case numbers. For ease of reference, we will refer to each appendix by the trial court cause number.

Subsequently, the State charged Lombard with one count of robbery, as a Level 5 felony, in F5-254.

[4] On January 13, 2017, officers with the Allen County Police Department received an anonymous tip from a homeowner that Lombard was asleep on a couch in the home's attached garage. When officers arrived, they discovered that Lombard had an active warrant for his arrest in F5-254 and they arrested him. The homeowner then gave officers consent to search the area. Officers searched the couch where Lombard had been sleeping and found three hypodermic syringes, a smoking device with burnt residue, and a burnt metal spoon head. On January 19, the State charged Lombard with one count of unlawful possession of a syringe, as a Level 6 felony, and one count of possession of paraphernalia, as a Class C misdemeanor, in F6-48.

[5] Thereafter, on March 9, the State added one count of intimidation, as a Level 6 felony, in F5-254 and dismissed the charge of robbery, as a Level 5 felony. On March 13, Lombard pleaded guilty as charged in both F5-254 and F6-48. The trial court took the guilty pleas under advisement and placed Lombard in the Allen County Drug Court Diversion Program. As a condition of his placement, Lombard agreed to comply with the rules of the court and to submit to random urine drug screens. And in exchange for his successful completion of the program the State agreed to dismiss all counts under F6-48 and the remaining count under F5-254.

[6]     On August 28, Lombard's case manager filed a petition to terminate his participation in the Drug Court Diversion Program. In the petition, the State alleged that Lombard had failed to comply with all of the rules and requirements of inpatient treatment and had failed to submit to a random urine drug screen on August 24. Lombard denied the allegations, and the trial court held an evidentiary hearing on September 22. At the end of the evidentiary hearing, the trial court found that Lombard had violated the terms of the agreement and revoked his placement in the program.

[7]     On October 24, the trial court accepted Lombard's guilty pleas and entered judgment of conviction. The trial court then held a joint sentencing hearing in F5-254 and F6-48. During the sentencing hearing, the trial court identified mitigating and aggravating circumstances. The trial court sentenced Lombard to one and one-half years in the Department of Correction for unlawful possession of a syringe, as a Level 6 felony, and sixty days for possession of paraphernalia, as a Class C misdemeanor, in F6-48, to be served concurrently. And the trial court sentenced Lombard to one and one-half years for intimidation, as a Level 6 felony, in F5-254, to be served consecutive to the sentence in F6-48. This consolidated appeal ensued.[2]

---

[2] Lombard filed two separate appeals in order to appeal his sentences in F6-48 and F5-254. Subsequently, the State filed a motion to consolidate the appeals, which this court granted.

## Discussion and Decision

[8] Lombard contends that his sentences are inappropriate in light of the nature of the offenses and his character.[3] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[9] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we

---

[3] In his briefs on appeal, Lombard states that the trial court "abused its discretion in sentencing him" because it "failed to identify the weight it gave" to the mitigating factors and because his substance-abuse issues should have been seen as mitigators rather than aggravators at sentencing. Appellant's Br. in F6-48 at 12, Appellant's Br. in F5-254 at 12. However, Lombard's actual argument is that the trial court imposed a sentence that is "inappropriate in light of the nature of the offense and the character of the offender" under Indiana Appellate Rule 7(B). *Id.* As such, we will only analyze whether his sentence is inappropriate in light of the nature of the offenses and his character, and we will not consider whether the trial court abused its discretion.

regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10] Here, the trial court identified as mitigating factors the fact that Lombard had pleaded guilty and accepted responsibility, that he had expressed remorse, and that he does not have a history of felony convictions. And the trial court identified the following aggravating factors: Lombard's criminal history, which includes five juvenile-delinquency adjudications and twelve misdemeanor convictions as an adult; that he has had two of his prior sentences modified, that he has had his probation revoked once; and that he has had failed attempts at rehabilitation. The trial court also found as a specific aggravator for F6-48 that he was out on bond for F5-254 at the time he committed the offenses. Accordingly, the trial court sentenced Lombard to an aggregate term of one and one-half years in the Indiana Department of Correction in F6-48 and one and one-half years in the Department of Correction in F5-254, to run consecutively.

[11] Lombard maintains that his sentence in F5-254 is inappropriate in light of the nature of the offenses because "the crime was a threat to cause harm which was made with the sole goal of stealing merchandise valued at $5.09[.]" Appellant's Br. in F5-254 at 13. And Lombard contends that his sentence in F6-48 is inappropriate in light of the nature of the offenses because "[n]othing about these facts or circumstances make this crime one of an extraordinary nature" and there was "no evidence of harm or claim of restitution[.]" Appellant's Br. in F6-48 at 13. Be that as it may, we consider both the nature of the offenses *and* Lombard's character in our review. *See Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). And Lombard's dubious character persuades us that his sentences are not inappropriate.

[12] At the time of the sentencing hearing, Lombard's criminal history included five adjudications as a juvenile delinquent and twelve misdemeanor convictions as an adult. Further, he has had his probation revoked once, and he has had two of his sentences modified. And he was out on bond in F5-254 when he committed the offenses in F6-48. Lombard also admits to a history of substance abuse, which he has been unable to overcome. As such, we cannot say that Lombard's sentences are inappropriate in light of his character. Accordingly, we affirm his sentence.

[13] Affirmed.

Robb, J., and Altice, J., concur.